UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CODEWORKS, LLC, an Idaho Limited Liability Company,<br><br>            Plaintiff,<br><br>vs.<br><br>CODEWORKS, a foreign entity,<br><br>            Defendant. | Case No. _____<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND INJUNCTIVE RELIEF; AND RELATED CLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

INTRODUCTION

Plaintiff brings this action against the Defendant, for injunctive relief and damages caused as a direct result of Defendant's unauthorized appropriation of Plaintiff's registered trademark and the use in advertising of the designation "CODEWORKS". More particularly, Defendant utilizes the identical name "CODEWORKS" to promote its competing education services in the fields of computer programming and web development.

### I.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff CODEWORKS, LLC (hereinafter "Plaintiff") is a corporation organized and doing business under the laws of the state of Idaho and conducts business throughout the entire United States, including the State of New York.

2. On information and belief, Defendant CODEWORKS (hereinafter "Defendant") is a private company and resident of Barcelona, Spain, and conducts business throughout the entire United States, including the State of New York, through its interactive website

https://codeworks.me/ (the "Infringing Website") and through physical campuses located in the United States, including in this District.

3.  This Court has subject matter jurisdiction pursuant to 28 USC §1331 (actions arising under the laws of the United States), 28 USC § 1332(a)(2) (alienage jurisdiction), 28 USC §1338(a) (acts of Congress relating to trademarks), and 28 USC § 1367 (supplemental jurisdiction). Plaintiff's claims are based, in part, on violations of the Lanham Act, 15 USC § 1114 and 15 USC § 1125(a). This Court has jurisdiction over the state law claims, which are substantially related to the federal claims, pursuant to 28 USC § 1338(b) and 1367.

4.  This Court has personal jurisdiction over Defendant because Defendant has engaged in the conduct set forth herein within the State of New York. On information and belief, Defendant has marketed and delivered the services that form the basis of this complaint to students residing within the State of New York via either online or in-person delivery.

5.  Venue is proper in this district pursuant to 28 USC §§ 1391(c)(3) and 1400 because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district and because Defendant is subject to personal jurisdiction in this District.

6.  On information and belief, Defendant has at various times maintained a physical campus in this District from which it has promoted and offered services that form the basis of this complaint. *See* **Exhibit A** hereto.

II.

**FACTS COMMON TO ALL CAUSES OF ACTION**

7.  Plaintiff is the owner of the trademark "CODEWORKS" and the corresponding federal trademark registration "CODEWORKS" (Trademark Registration No. 5079487, registered November 8, 2016) for use in connection with education services in the fields of web

development, software programming, website design, business, business start-ups, entrepreneurship, and technology and related services under International Class 41 (the "Trademark"). *See* **Exhibit B** hereto.

8. Plaintiff's ownership of Trademark Registration No. 50779487 is prima facie evidence of the validity and registration of the Trademark, of the registrant's ownership of the Trademark, and of the registrant's exclusive right to use the registered Trademark in commerce on or in connection with the goods or services specified in the registration pursuant to 15 USC § 1115(a).

9. Plaintiff began using the Trademark in connection with its goods and services at least as early as August 16, 2015.

10. In December 2019, Plaintiff became aware that Defendant had, without permission or consent of Plaintiff, used the Trademark in commerce on the Infringing Website.

11. On information and belief, Defendant began its unauthorized use of the "Codeworks" name in the District well after Plaintiff adopted and began using the Trademark and after Plaintiff filed its application to register the Trademark at the USPTO.

12. Defendant has used and continues to use the Trademark to promote its own education services in the field of software programming, web development and other related services.

13. The goods and services offered by Plaintiff and Defendant under the "Codeworks" name are identical or substantially similar.

14. On, or about, February 26, 2020, Plaintiff notified Defendant of Defendant's infringing use of the Trademark.

15. On information and belief, Defendant has, and continues to market and promote its goods and services to residents of the United States, including, but not limited to, residents of the State of New York and this District, through infringing use of the Trademark.

### III.

### COUNT 1 - TRADEMARK INFRINGEMENT (15 USC § 1114)

16. Plaintiff incorporates by reference all above paragraphs as though fully set forth herein.

17. The Trademark is widely recognized by consumers and has become a valuable indicator of the source and origin of Plaintiff's products and services.

18. Defendant has used and continues to use the "Codeworks" name in connection with the marketing, promotion, and offering of services substantially similar or identical to those offered by Plaintiff under the Trademark and identified in Plaintiff's Trademark Registration No. 5079487.

19. Defendant's use of the Trademark in commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and services, or commercial activities, with Plaintiff, and in violation of 15 USC §1125(a).

20. As a direct and proximate result of Defendant's infringement of Plaintiff's Trademark, Plaintiff has suffered, and continues to suffer damages to its profits, sales, business and reputation, and is entitled to recover damages in an amount to be proven at trial.

21. Plaintiff has no adequate remedy at law that will compensate it for the continued and irreparable harm it will suffer if Defendant's acts are allowed to continue.

22. As a direct and proximate result of Defendant's conduct, Plaintiff is entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues or profits wrongfully derived by Defendant from its infringing uses of the Trademark pursuant to 15 USC § 1117.

23. Defendant's conduct was, and continues to be willful, and Plaintiff is entitled to an award of treble damages pursuant to 15 USC § 1117.

24. Due at least to the willfulness of Defendant's conduct, this should be considered an exceptional case within the meaning of 15 USC § 1117(a), thereby entitling Plaintiff to an award of attorney fees and costs.

### COUNT II – FALSE DESIGNATION OF ORIGIN (15 USC §1125(a))

25. Plaintiff incorporates by reference all above paragraphs as though fully set forth herein.

26. Defendant's use of the "Codeworks" name following Plaintiff's use and registration of the Trademark is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and/or services by Plaintiff.

27. By reason of Defendant's actions, Plaintiff has suffered irreparable harm to the Trademark. Unless Defendant is restrained from its actions, Plaintiff will continue to be irreparably harmed.

28. Plaintiff has no remedy at law that will adequately compensate for the continued and irreparable harm that will be caused if Defendant's acts are allowed to continue.

29. As a direct and proximate result of Defendant's false designations of origin, Plaintiff has suffered damages in an amount to be proven at trial.

### COUNT III – UNFAIR TRADE PRACTICES (NY GBL § 349)

30. Plaintiff incorporates by reference all above paragraphs as though fully set forth herein.

31. Defendant has illegally and without authorization misappropriated the registered trademark, trade name, reputation, and distinctive identity of Plaintiff by engaging in business with the public under a trademark belonging exclusively to Plaintiff.

32. Defendant's infringing activities are directed at consumers who seek training in computer programming and web development.

33. Defendant's use and appropriation of Plaintiff's federally registered trademark constitutes conduct aimed at confusing, misleading, and deceiving consumers in a material way by leading them to believe erroneously that the services offered by Defendant are the same as or associated with the business and services provided by Plaintiff such that consumers will transact business with Defendant rather than with Plaintiff.

34. As a direct result of the deceptive acts and practices of Defendant, Plaintiff has been injured and suffered damages in an amount to be determined at trial, including, but not limited to, the loss of students and harm to Plaintiff's valuable goodwill and to its existing and potential business relations.

35. As a direct result of the foregoing, Plaintiff has suffered substantial damages not fully measurable in monetary terms and will continue to suffer such irreparable harm.

36. As a direct result of the deceptive acts and practices of Defendant, Plaintiff is also entitled to recover treble damages and attorneys' fees pursuant to GBL § 349(h).

## IV.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and relief against Defendant and respectfully requests that this Court:

A.      Find that Defendant has engaged in trademark infringement in violation of 15 USC § 1125(a) of the Lanham Act;

B.      Find that Defendant has willfully infringed Plaintiff's trademark, with full knowledge of Plaintiff's use of and rights thereto;

C.      Enter judgment for Plaintiff on all Counts of the Complaint;

D.      Pursuant to 17 USC § 1116, temporarily, preliminarily, and permanently enjoin, restrain, and forbid Defendant, and all of Defendant's principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, and assignees and all others acting in privity, concert, or participation with Defendants, from making any use of Plaintiff's Trademark within the United States, or in any medium directed to, or accessible by, consumers within the United States;

E.      For an order directing that Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the above;

F.      For an award of at least actual damages at least pursuant to 15 USC § 1117 and New York law;

G.     For an award of Plaintiff's damages trebled or, alternatively, an award of Defendant's wrongful profits trebled, whichever is greater, plus Plaintiff's costs and attorney fees, pursuant to 15 USC § 1117;

H.     For an award of Plaintiff's costs and disbursements incurred in this action, including Plaintiff's reasonable attorney fees, pursuant to 15 USC § 1117 and New York law; and

I.     For such other and further relief as the Court may deem just and proper.

DATED this 28th day of October, 2020.

        MURTHA CULLINA LLP

        __/s/ Andy I. Corea_____
        Andy I. Corea (AC0474)
        acorea@murthalaw.com
        Richard J. Basile (RB9623)
        rbasile@murthalaw.com
        265 Church Street, 9th Floor
        New Haven, CT 06510
        Telephone: 203.772.7700
        Facsimile:  203.772.7723

        HAWLEY TROXELL ENNIS & HAWLEY LLP

        877 Main Street, Suite 1000
        P.O. Box 1617
        Boise, ID 83701-1617
        Telephone:  208-344-6000
        Facsimile:   208-954-5384

        Attorneys for Plaintiff CodeWorks, LLC